IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GARY L. DEFLUITER, | : | |
| Plaintiff | : | Civil Action 2:10-cv-300 |
| v. | : | Judge Graham |
| CLARK B. WEAVER, | : | Magistrate Judge Abel |
| Defendant. | : | |

**ORDER**

Plaintiff Gary L. DeFluiter moved for leave to proceed with this action *in forma pauperis* on April 7, 2010. (Doc. 1.) On April 9, 2010, Magistrate Judge Mark R. Abel performed an initial screening of the complaint pursuant to 28 U.S.C. §1915(e)(2) to determine if the complaint were frivolous or malicious, should fail to state a claim upon which relief can be granted, or should seek monetary relief against a defendant who is immune from such relief. (Doc. 2.) The Magistrate Judge found that the complaint failed to state a claim for relief, and recommended dismissal. He determined specifically that the complaint failed to give Defendant the Hon. Clark B. Weaver, Sr., a judge of the Ohio Court of Claims, fair notice of the claims asserted against him because it consisted of the repetition of phrases with no legal meaning, that the complaint alleged no basis for the Court to exercise admiralty jurisdiction, and that, to the extent that the complaint seemed to make coherent allegations, they appeared to be barred by judicial immunity.

On April 22, 2010, Plaintiff filed a document with a caption identical to his original

1

complaint and also entitled "Complaint for Negligence". (Doc. 7.) The Clerk of Court docketed this as an amended complaint, and issued summons upon four persons whose names appeared within its text: the Hon. Clark B. Weaver, Sr., the Hon. Mark R. Abel, the Hon. James L. Graham, and Mr. James Bonini, the Clerk of the United States District Court for the Southern District of Ohio. Plaintiff also filed, on the same date, a document entitled "Notice to U.S. Marshal", which appeared to be a praecipe for service, and which apparently requested that the Marshals Service arrest Mr. Bonini for failing to designate this action as an admiralty case.

Upon further review, however, it is apparent that the "Complaint" of April 22, 2010 constitute a set of objections to the Magistrate Judge's initial screening report and recommendation, not an amended complaint. *See, e.g.*, Doc. 7 at 2 (references to "report and recommendation"), 3 ("reply to Mark Abel's Comment of Weaver's Immunity"), 8 (assertion that only an Article III judge can address this case). Moreover, the caption of the "Complaint" of April 22, 2010 remains the same, making reference only to Plaintiff DeFluiter on one side and Defendant the Hon. Clark B. Weaver on the other. It did not purport to assert any claims against any person other than Judge Weaver.

Accordingly, the Court will now, pursuant to 28 U.S.C. §636(b)(1), conduct a *de novo* review of those portions of the report or specific proposed findings or recommendations of the Magistrate Judge to which objection is made. Plaintiff appears to object to the Magistrate Judge's finding that his complaint stated no basis for the Court to exercise admiralty jurisdiction, asserting that Defendant Judge Weaver, and for that matter any other human, is a vessel which can be sued in admiralty. (Doc. 7 at 3.) This contention is both incorrect and frivolous. "The word 'vessel' includes every description of watercraft or other *artificial* contrivance used, or

2

capable of being used, as a means of transportation on water." 1 U.S.C. §3 (emphasis added). Plaintiff argues, against the Magistrate Judge's findings that his apparent allegations against Judge Weaver are barred by the doctrine of judicial immunity, that Judge Weaver's immunity is waived under various admiralty statutes making vessels liable for the damage they commit. (*Id*. at 3.) This is likewise frivolous. Plaintiff also apparently objects to his complaint being subjected to initial screening by a magistrate judge. (*Id*. at 4.) As noted above, Plaintiff moved for leave to proceed *in forma pauperis*. The Court subjects all such cases to this screening, pursuant to 28 U.S.C. §1915(e)(2). Furthermore, the federal courts have long been granted the power to refer matters, such as initial screenings, to magistrate judges for the development of proposed findings of fact and recommendations for disposition. 28 U.S.C. §636(b)(1)(B).

Plaintiff does not, as far as the Court can determine, raise any other objections to the Report and Recommendation. Moreover, upon *de novo* review, the Court finds that Plaintiff's complaint is legally frivolous and fails to state a cognizable claim upon which this court can grant relief. Accordingly, the Report and Recommendation (Doc. 2) is **ADOPTED**. This case is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

s/ James L. Graham
United States District Judge